FILED
 2020 May-14 AM 11:21
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| JAMES JENKINS, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 1:19-cv-01505-KOB-SGC |
| CHERON Y. NASH, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On February 28, 2020, the magistrate judge entered a report recommending this petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, be denied and dismissed with prejudice. (Doc. 13). Petitioner has filed objections. (Doc. 15). As explained below, Petitioner's objections are due to be overruled.

Petitioner sets out two objections, the first of which is not an objection at all. Rather, Petitioner acknowledges the magistrate judge correctly reported he has a liberty interest in the loss of forty-one days good time credit as punishment for having been found guilty of a disciplinary infraction for possession of narcotics. (Doc. 15 at 2).

Petitioner's second objection consists of his insistence that the finding of guilt did not meet the "some evidence" standard because a corrections officer did not utilize a Narcotics Identification Kit ("NIK test") to identify the chemical makeup

of the items recovered and identified as Suboxone. (*Id*. at 3). However, the magistrate judge correctly rejected Petitioner's assertion that the applicable Bureau of Prisons ("BOP") Program Statement requires such testing. (Doc. 13 at 6-7). It does not; in any event, noncompliance with an internal agency guideline does not violate federal law.

Petitioner attempts to salvage his claims by submitting the "actual forms" the BOP uses to provide procedural safeguards in identifying contraband substances. (Doc. 15 at 3). Petitioner contends the pharmacist's visual identification of Suboxone in this case violated due process. (*Id*.). As an initial matter, Petitioner's submission of the "actual forms" is untimely; the court will not consider them. Alternatively, although Petitioner attributes the forms to the BOP, even a cursory reading shows the items were promulgated by the State of New York Department of Correction and Community Supervision. (*Id*. at 7-12). Furthermore, the forms reveal nothing more than a request for testing, a page to record a testing sequence, and a description of the NIK system of identification. (*Id*.). Finally, the court rejects Petitioner's conclusory assertion that a trained pharmacist's visual identification of the strips recovered as Suboxone by color and brand number is insufficient to satisfy the "some evidence" standard. Accordingly, Petitioner's objections are **OVERRULED**. (Doc. 15).

After careful consideration of the entire record in this case, the magistrate judge's report, and the objections thereto, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendations. (Doc. 13). Accordingly, Petitioner's claims are due to be denied and dismissed with prejudice. Because this matter arises under § 2241, a certificate of appealability is not required. A separate order will be entered.

**DONE** and **ORDERED** this 14th day of May, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE